IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
|     Respondent/Plaintiff,            ) | |
| vs.                                                          ) | No. 3:03-CR-0350-R |
|                                                 ) | No. 3:05-CV-0347-R (BH) |
| MANUEL OROSIETA-MOJICA,     ) | ECF |
| ID # 31153-177,                                    ) | Referred to U.S. Magistrate Judge |
|     Movant/Defendant.                  ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (the government).

### B. Procedural History

On October 15, 2003, movant pled guilty to illegal re-entry after deportation. On January 13, 2004, the Court entered judgment upon movant's guilty plea, and sentenced him to seventy-seven months imprisonment. Movant did not appeal his conviction or sentence.

On February 9, 2005, movant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. He claims that (1) the Court failed to comply with procedural safeguard required by Fed. R. Crim. P. 32(c) and (2) his attorney rendered ineffective assistance at sentencing and when he failed

to investigate a new version of the United States Sentencing Guidelines. The government filed a response to the motion to vacate in which it argues that the motion is untimely and lacks merit. Movant filed a reply in which he requests an evidentiary hearing and argues that the Court should consider his motion to be timely because his attorney failed to file an appeal despite his request that he do so.

## II. STATUTE OF LIMITATIONS

Paragraph 6 of "28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). That paragraph provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Although "[i]n most cases, the operative date from which the limitation period is measured will be the one identified in ¶ 6(1) . . . later filings are permitted where subparagraphs (2)-(4) apply." *Dodd*, 545 U.S. at 357.

In this instance, movant has alleged no government-created impediment under ¶ 6(2) that prevented him from filing his motion to vacate. His claims, furthermore, are not based upon any right newly recognized by the Supreme Court. Thus, for purposes of this action, the statute of limitations runs from the date movant's conviction became final pursuant to ¶ 6(1), or from the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims pursuant to ¶ 6(4).

With regard to ¶ 6(1), movant's conviction became final in late January 2004, when the ten days for filing an appeal from the judgment elapsed. *See* Fed. R. App. P. 4(b)(1)(A)(i) (setting ten-day deadline); Fed. R. App. P. 26(a) (setting computation procedure). With regard to ¶ 6(4), movant knew or should have known the factual bases for his claims prior to his conviction becoming final.

Because ¶¶ 6(2) and (3) are inapplicable and ¶ 6(4) provides an earlier commencement date for movant's claims, the Court applies ¶ 6(1) and finds that the statute of limitations commenced in late January 2004. Movant filed the instant action more than a year later on February 9, 2005. Thus, the instant motion to vacate is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "[S]uch tolling is available only when the [movant] meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his [motion to vacate] on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant "bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circum-

3

stances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted).

In this case, movant argues in his motion to vacate that the Court should consider his motion timely filed because his attorney failed to make him aware of his right to appeal or to file a motion to vacate. He also explained that he did not file an appeal because he "could not speak English" and lacked understanding of the law. In his reply brief, he argues that the Court should consider his motion timely filed because his attorney failed to file an appeal despite a request to do so. He argues that had his attorney filed an appeal, the instant motion would be timely, and that he should not be punished for the unprofessional mistakes of his attorney.

Movant's arguments provide no basis for equitably tolling the limitations period. "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Salinas v. Dretke*, 354 F.3d 425, 432 (5th Cir. 2004). Furthermore, "ignorance of the law or of statutes of limitations is insufficient to warrant tolling." *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That movant proceeds *pro se* is likewise insufficient to equitably toll the limitations period. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). Neither unfamiliarity with the legal process, whether "due to illiteracy or *any other reason*", nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (emphasis added). In addition, a lack of fluency in the English language is not sufficient to obtain equitable tolling. *See Hurtado v. Cockrell*, No. 3:02-CV-0778-M, 2002 WL 32438776, at *5 (N.D. Tex. 2002) (relying in part on *United States v. Cordova*, 202 F.3d 283, No. 99-1306, 1999 WL 1136759, at *1 (10th Cir. Dec. 13, 1999) (holding that a lack of fluency in English language is not extraordinary circumstance which would warrant equitable tolling) (Table; text on Westlaw)).

Because movant has shown no rare and exceptional circumstances that warrant equitable tolling, the Court should deny the instant motion to vacate as untimely.

### III.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 as barred by the statute of limitations.

**SIGNED this 16th day of July, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE